## J. R. SCOTT v. THE STATE.

1. See facts held insufficient to sustain a verdict of guilty of the charge of unlawfully carrying arms at a public place where people were assembled to perform a public duty. (Pas. Dig., Art. 6511.)
2. It is necessary to prove that people had assembled, etc., where the offense is charged at a place other than those named in the act.

APPEAL from Johnson. Tried below before the Hon. Charles Soward.

No brief for appellant on file.

*Geo. Clark, Attorney-General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The indictment in this case charges that the defendant, J. R. Scott, on the twelfth day of April, [1871, "did unlawfully go to the town of Cleburne, a place where people had assembled to perform a public duty, to-wit, for the purpose of attending upon the District Court of said Johnson county, and that the said J. R. Scott did then and there go to the public square and upon the public square of said town of Cleburne, having then and there upon his person a pistol, to-wit, a six-shooter."

At the December term, 1873, the defendant appeared and, without a plea of any kind, announced ready for trial, and after a trial before a jury was fined fifty dollars. The verdict is not signed by any one, but is treated by the court as the verdict of the jury, and judgment rendered thereon for the amount of the fine and costs.

Motions for a new trial and in arrest of judgment being overruled, the defendant appeals.

The court charged the jury, that if the defendant had upon his person a pistol, and was then and there upon the public square of the town of Cleburne, when people

had then and there assembled to perform a public duty, they should find him guilty, etc.

There being no appearance for the appellant, the force of some of the grounds relied on in his motions may not be fully understood; and but two of the grounds of the motion for a new trial will be considered—the third and fourth grounds.

That the verdict of the jury was contrary to the instructions of the court, and because the verdict was contrary to the evidence.

We believe the motion should have been sustained on these grounds, and the new trial granted.

Only one witness was examined, and his testimony failed to make out the case. This witness, who was the sheriff, testified that he had arrested the defendant, Scott, at the time stated in the indictment, in the town of Cleburne; that he had about his person concealed a pistol, a "Derringer;" that he may have had a six-shooter; that he was on the public square of the town of Cleburne, or on the street where it goes to Shaw's Hotel.

The verdict is not supported by the evidence, and was contrary to the charge of the court. It is uncertain whether the defendant was on the public square, as charged in the indictment. There was no evidence that the people had assembled there to perform a public duty, as charged by the court, or for the purpose of attending the District Court.

The other questions will not be decided without further examination and argument, should it become necessary hereafter.

For the reasons mentioned, the judgment is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.